## ATTACHMENT A
## STATEMENT OF FACTS

*The parties stipulate and agree that had this case gone to trial, the government would have proven the following facts beyond a reasonable doubt. The parties further stipulate and agree that these facts do not encompass all of the facts which would have been proven at trial.*

On March 1, 2010, an undercover law enforcement officer from the Palm Beach County, Florida, States Attorney's Office accessed a peer-to-peer network that facilitates the distribution and receipt of computer data, including images. The Palm Beach County officer (hereinafter the "Undercover") was acting in an undercover capacity in that he did not identify himself as a member of law enforcement to others on the peer-to-peer network. The defendant, **Martin Savage,** had accessed the same peer-to-peer network for the purpose of exchanging images of child pornography. Utilizing the name "Matemase," **Savage** knowingly made numerous images of child pornography available to other persons using the peer-to-peer network, including the Undercover.

The Undercover downloaded from **Savage's** files approximately 100 images, of which the vast majority contained photographs and videos depicting child pornography. Among the images that the Undercover received from **Savage** was an image labeled Momson021.jpeg, which contains a photograph of a woman performing oral sex on a naked, prepubescent boy. According to Comcast, as of March 1, 2010, the Internet Protocol address for the Matemase computer, from which the Undercover received these images, was assigned to **Savage** at his residence in Landover, Maryland.

On April 6, 2010, law enforcement officers in Maryland executed a search warrant at **Savage's** residence in Landover, Maryland. **Savage,** who was the sole resident of that address, was the only person present in the residence at that time. Law enforcement officers seized from **Savage's** house a computer and hard drive that contained thousands of images of child pornography. The hard drive was manufactured outside the state of Maryland, and therefore had previously traveled through interstate commerce.

Law enforcement officers conducted a forensic examination of **Savage's** hard drive, which contained more than 600 images of child pornography, of which more than 100 images involved bondage and sadomasochism. The forensic examination also revealed that the image labeled Momson021.jpeg, which **Savage** distributed to the Undercover on March 1, 2010, was contained on **Savage's** hard drive in a file called "Matemase."

During the execution of the search warrant, **Savage** admitted to agents that he had been downloading images and videos of child pornography for about three years, and that he has participated in a peer-to-peer file sharing network and when using that network he utilized a user name of "Matemase." **Savage** also stated that he had knowingly shared videos and images of child pornography via the peer-to-peer network.

\* \* \* \* \*

I have read the attached statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

2/22/2011

Date

Martin Savage

I am Mr. Savage's attorney. I have carefully reviewed the statement of facts with him.

2 22·11

Date

John Chamble, Esq.